IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-531

 No. COA20-769

 Filed 5 October 2021

 Lincoln County, No. 17 CRS 52783

 STATE OF NORTH CAROLINA

 v.

 CARROLL JOSHUA BROWN, Defendant.

 Appeal by Defendant from judgment entered 30 May 2019 by Judge Todd

 Pomeroy in Lincoln County Superior Court. Heard in the Court of Appeals 25 August

 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Allison A.
 Angell, for the State.

 Shawn R. Evans for Defendant-Appellant.

 INMAN, Judge.

¶1 Carroll Joshua Brown (“Defendant”) appeals from the revocation of his

 probation based on an absconding violation. Defendant contends that the trial court

 erred in finding he violated his probation because the State did not present competent

 evidence that he had absconded and that the trial court made three clerical errors in

 its judgment. After careful review, we affirm the trial court’s activation of
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

 Defendant’s sentence, but we remand the case for the trial court to correct the clerical

 errors.

 I. FACTUAL & PROCEDURAL BACKGROUND

¶2 Defendant on 15 February 2018 entered an Alford plea on a charge of

 possession with intent to sell and deliver methamphetamine. The trial court

 sentenced Defendant to 8 to 19 months in prison, suspended for 30 months of

 supervised probation.

¶3 Defendant’s first probation officer filed a probation violation report on 1

 November 2018, alleging Defendant had failed to attend and comply with cognitive

 behavioral intervention (“CBI”) services, had not paid supervision and court costs,

 and had been terminated from the Treatment Accountability for Safer Communities

 (“TASC”) program because he did not report. The trial court found Defendant in

 willful violation of the conditions of his probation and ordered Defendant complete

 CBI and TASC.

¶4 Defendant’s case was eventually transferred to another probation officer. His

 new probation officer could not locate Defendant, so the officer filed a second

 probation violation report on 9 April 2019. The report alleged five violations:

 1. The defendant has failed to report or contact the
 probation office and has failed to provide his current
 address, making his whereabouts unknown. The
 defendant has absconded supervised probation.
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

 The defendant moved from the residence, 3448 East
 Highway 27 Lincolnton, NC 28092, without permission.
 The defendant has failed to provide the address to where
 he is currently residing.

 3. The defendant failed to complete CBI as ordered by the
 court.

 4. The defendant is in arrears $380.00 for probation
 supervision fees.

 5. The defendant is in arrears $1,782.50 for court cost
 indebtedness.

 6. The defendant has failed to comply with court ordered
 two drug screens per month.

 Defendant was taken into custody on or about 2 May 2019. After being made aware

 of the allegations against him, Defendant waived his right to counsel and the matter

 was scheduled for hearing.

¶5 At the probation hearing on 30 May 2019, Defendant, pro se, admitted to

 absconding. Addressing Defendant, the prosecutor asked, “one of the regular

 conditions of your probation was to not abscond. The allegation is that you failed to

 report or contact the probation office. And you failed to provide your current address,

 making your whereabouts unknown. As such, you have violated your supervision.

 Do you admit that violation?” Defendant responded, “I may have absconded, but I

 think my current address that I was staying at is in my file. She asked me for that.”

 The trial court judge clarified, “You are admitting absconding then?” Defendant

 replied, “Yes, Sir.” Defendant further admitted he had failed to complete CBI and to
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

 pay court and supervision costs. The prosecutor then asked, “And then you failed to

 comply with the court ordered drug screens, two per month; do you admit that?”

 Defendant answered, “Yes, sir, since I absconded.” When the trial court asked

 Defendant if he wished to say anything further, Defendant again said, “I absconded.”

¶6 The trial court found Defendant had violated the conditions of his probation.

 Because Defendant absconded pursuant to N.C. Gen. Stat. § 15A-1343(b)(3a), the

 trial court revoked his probation and activated his sentence of 8 to 19 months with

 136 days of jail credit. Defendant filed a handwritten notice of appeal with the clerk

 on 6 June 2019. On appeal, contemporaneously with his brief, Defendant has filed a

 petition for writ of certiorari, requesting that we exercise our discretion to review the

 merits of his appeal in the event his notice is defective.

 II. ANALYSIS

 1. Appellate Jurisdiction

¶7 Defendant’s notice of appeal failed to comply with Rule 4 of our Rules of

 Appellate Procedure because the notice does not include Defendant’s signature,

 designate the judgment from which Defendant appealed or the court to which he

 appealed, or contain a certificate of service.1 See N.C. R. App. P. 4(b) (2021).

 1 In addition, Defendant’s notice of appeal was untimely, though through no fault of

 his own. Defendant filed his notice of appeal on 6 June 2019, but the trial court did not enter
 the appellate entries until 28 August 2019, almost two months after the entry of the
 judgment.
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

¶8 In our discretion and because one of Defendant’s arguments is meritorious, we

 grant Defendant’s petition for certiorari review. N.C. R. App. P. 21(a)(1) (2021) (“The

 writ of certiorari may be issued in appropriate circumstances by either appellate

 court to permit review of the judgments and orders of trial tribunals when the right

 to prosecute an appeal has been lost by failure to take timely action.”).

 2. Competent Evidence to Support Finding of Absconding

¶9 Defendant argues the trial court erred in finding he violated his probation by

 absconding because the State failed to present competent evidence.

¶ 10 We review a trial court’s revocation of probation for abuse of discretion. State

 v. Murchison, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014). A trial court abuses its

 discretion “when a ruling is so manifestly unsupported by reason or is so arbitrary

 that it could not have been the result of a reasoned decision.” State v. Maness, 363

 N.C. 261, 279, 677 S.E.2d 796, 808 (2009) (quotation marks and citation omitted).

 Probation may be revoked in three circumstances: (1) the trial court has previously

 ordered two 90-day periods of confinement, (2) the probationer commits a new

 criminal offense, or (3) the probationer absconded from supervision. N.C. Gen. Stat.

 § 15A-1344(a)(d2) (2019); N.C. Gen. Stat. §§ 1343(b)(1), (b)(3a) (2019). A probationer

 absconds by “willfully avoiding supervision” or “making the defendant’s whereabouts

 unknown to the supervising probation officer.” § 1343(b)(3a).
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

¶ 11 Defendant’s insistence on appeal that his probation officer had his correct

 address in her file is not availing. He waived the requirement that the State present

 evidence and at no time asked to submit sworn testimony. And assuming arguendo

 that Defendant could have offered this factual assertion as testimony and did so, as

 the trier of fact in a probation violation hearing, the trial court judge is not compelled

 to accept any testimony as credible. State v. Robinson, 248 N.C. 282, 286, 103 S.E.2d

 376, 379 (1958) (“In determining whether the evidence warrants the revocation of a

 suspended sentence, the credibility of the witnesses and the evaluation and weight of

 their testimony, are for the judge.”) (citations omitted)).

¶ 12 Our caselaw is clear that “a waiver of the presentation of the State’s evidence

 by an in-court admission of the willful or without lawful excuse violation as contained

 in the written notice (or report) of violation” satisfies due process requirements at a

 probation revocation hearing. State v. Sellers, 185 N.C. App. 726, 728, 649 S.E.2d

 656, 657 (2007) (citing State v. Williamson, 61 N.C. App. 531, 533-34, 301 S.E.2d 423,

 425 (1983)). Put differently, when a defendant admits to willfully violating a

 condition of his or her probation in court, the State does not need to present evidence

 to support the violations. A probation hearing is not a “formal trial” in North

 Carolina, so the trial court is not required to “personally examine a defendant

 regarding his admission that he violated his probation.” Id. at 727, 649 S.E.2d at 656
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

 (citing State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 479 (1967) (“Proceedings

 to revoke probation are often regarded as informal or summary.”)).

¶ 13 Here, Defendant waived his right to counsel before the hearing. At the

 hearing, Defendant unequivocally and repeatedly admitted that he had absconded.

 The trial court asked Defendant directly if he was “admitting absconding;” it was not

 required to personally examine Defendant further. Sellers, 185 N.C. App. at 727, 649

 S.E.2d at 656. When Defendant admitted to absconding, he waived the State’s

 burden of producing competent evidence of the violation.2 Defendant cannot now

 argue that the State failed to meet this burden.

¶ 14 Defendant contends that when he admitted to absconding, he did not

 understand the legal definition of the word. We reject this argument.

¶ 15 Defendant relies on State v. Crompton, 270 N.C. App. 439, 842 S.E.2d 106

 (2020), to his detriment. First, Crompton held that allegations in a probation

 violation report tracking the language of Sections 15A-1343(b)(2) and (3) may be

 2 North Carolina Department of Public Safety Community Corrections’ policies and

 procedures require probation officers to take the following investigative actions before
 declaring a probationer an absconder: (1) review AOC alerts; (2) attempt to call the offender
 via telephone; (3) conduct, at a minimum, two home contacts on separate days and leave
 written reporting instructions; (4) attempt to contact the offender at school or work; (5)
 contact a relative or reference; (6) contact treatment providers; and (7) contact local law
 enforcement. N.C. Dep’t Pub. Safety Cmty. Corr., Policy & Procedures, Absconder
 Investigation § D.0503, 275-76 (April 2019), https://www.ncdps.gov/document/community-
 corrections-policy-manual. Because Defendant admitted that he had absconded at the
 revocation hearing, the trial court did not need to consider what investigative steps the
 probation officer took to locate him.
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

 sufficient to allege an absconding violation under Section 15A-1343(b)(3a). 270 N.C.

 App. at 442-49, 842 S.E.2d at 110-14. Defendant does not contend the allegations in

 the probation violation report were insufficient. See N.C. R. App. P. 28(a) (2021)

 (“Issues not presented and discussed in a party’s brief are deemed abandoned.”).

 Second, in Crompton the probationer admitted to the underlying factual allegations

 in the probation violation report. 270 N.C. App. at 441, 842 S.E.2d at 109. Here,

 Defendant admitted to the violation of willfully absconding throughout the course of

 the probation hearing. Finally, Crompton did not cite or rely upon Sellers, which is

 controlling in this case.

¶ 16 We affirm the trial court’s finding that Defendant absconded in violation of his

 probation, based on Defendant’s own admissions and the allegations in the probation

 violation report.

 3. Clerical Errors in the Judgment

¶ 17 Defendant requests we remand this case to the trial court to correct clerical

 errors in the judgment. The State concedes error, and we agree.

¶ 18 When the trial court’s written judgment contradicts its findings in open court,

 we will remand the judgment to correct the clerical error, State v. Newsome, 264 N.C.

 App. 659, 665, 828 S.E.2d 495, 500 (2019) (citations omitted), “because of the

 importance that the record speak the truth,” State v. Smith, 188 N.C. App. 842, 845,

 656 S.E.2d 695, 696 (2008) (quotation marks and citations omitted).
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

¶ 19 Defendant alleges three clerical errors in the judgment. First, the record

 reveals Defendant was convicted of possession with intent to sell and deliver

 methamphetamine. However, the judgment form incorrectly lists Defendant’s

 conviction as possession with intent to manufacture, sell, or deliver marijuana.

 Second, while the violation report only alleges five violations, paragraphs 1, 3, 4, 5,

 and 6, the judgment inadvertently denotes six different violations––1, 2, 3, 4, 5, and

 6. Third, the trial court mistakenly checked a box on the judgment form to indicate

 that each violation alone could activate Defendant’s sentence. It is clear from the

 transcript of the probation violation hearing that the trial court revoked Defendant’s

 probation based only on the absconding violation in accordance with our statutes and

 caselaw. N.C. Gen. Stat. § 15A-1344(d2); §§ 1343(b)(1), (b)(3a); Newsome, 264 N.C.

 App. at 665, 828 S.E.2d at 500.

¶ 20 Accordingly, we remand so the judgment may reflect the appropriate

 conviction, number of probation violations, and revocation of Defendant’s probation

 based on his absconding. See Newsome, 264 N.C. App. at 665, 828 S.E.2d at 500

 (remanding so the judgment may “clearly indicate that probation was revoked

 because Defendant had committed a criminal offense or absconded”).

 III. CONCLUSION

¶ 21 For the reasons explained above, we affirm the activation of Defendant’s

 sentence. However, we remand to the trial court to correct the described clerical
 STATE V. BROWN

 2021-NCCOA-531

 Opinion of the Court

errors in the judgment.

 AFFIRMED IN PART; REMANDED IN PART.

 Judges WOOD and JACKSON concur.